PHILIP J. TERRY (SBN 148144)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone:  (707) 526-4200
Facsimile:  (707) 526-4707
Email: pjterry@cmprlaw.com

Attorneys for Plaintiff
VICTORIA COMFORT

UNITED STATES DISCTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VICTORIA COMFORT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JT FOXX aka JUSTIN T. FOXX aka JUSTIN GORENKO, individually and dba JT FOXX ORGANIZATION, dba JT FOXX SUBSCRIPTIONS, dba FOXX PRODUCTS; WORLD SUCCESS COMPANY LLC, a Florida limited liability company formerly known as THE COACHING ORGANIZATION LLC, dba MY COACHING ORGANIZATION, dba FIRST CLASS COACHING; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. FRAUD, INTENTIONAL MISREPRESENTATION;**<br>**2. NEGLIGENT MISREPRESENTATION;**<br>**3. BREACH OF CONTRACT;**<br>**4. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**5. BREACH OF FIDUCIARY DUTY;**<br>**6. UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.];**<br>**7. FALSE ADVERTISING [CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17500, ET SEQ.]; AND**<br>**8. CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

COMES NOW Plaintiff, VICTORIA COMFORT, for her complaint against Defendants and alleges as follows:

## **PARTIES**

1. Plaintiff Victoria Comfort ("Plaintiff") is, and at all relevant times has been, a resident of the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant JT FOXX

1  aka JUSTIN T. FOXX aka JUSTIN GORENKO, individually and dba JT FOXX
2  ORGANIZATION, dba JT FOXX SUBSCRIPTIONS, dba FOXX PRODUCTS is, and all times
3  relevant has been, a Nevada resident (hereinafter "JT FOXX").

4      3.    Defendant WORLD SUCCESS COMPANY LLC formerly known as THE
5  COACHING ORGANIZATION, dba MY COACHING ORGANIZATION, dba FIRST CLASS
6  COACHING is, and at all times relevant was, a Florida limited liability company (hereinafter
7  "WORLD SUCCESS COMPANY").

8      4.    JT FOXX and WORLD SUCCESS COMPANY are collectively referred to herein
9  as Defendants.

10      5.    Plaintiff is informed and believes and thereon alleges that there exists, and at all
11  times herein mentioned there existed, a unity of interest and ownership between JT FOXX and
12  WORLD SUCCESS COMPANY, such that any individuality and separateness between them
13  ceased and WORLD SUCCESS COMPANY is the alter ego of JT FOXX in that it was the mere
14  shell, instrumentality and business conduit of JT FOXX in that he exercised such complete
15  control and dominance over the business of WORLD SUCCESS COMPANY to such an extent
16  that any individuality or separateness of it and JT FOXX do not, and at all times mentioned
17  herein, did not exist. Adherence of the fiction of the separate existence of WORLD SUCCESS
18  COMPANY would permit an abuse of the corporate privilege and would sanction fraud and
19  promote injustice for the reasons set forth herein.

20  **JURISDICTION AND VENUE**

21      6.    This Court has jurisdiction over this action under 28 U.S.C. Section 1332 because
22  it is a civil action between citizens of different states and the matter in controversy exceeds
23  $75,000, exclusive of interest and costs.

24      7.    Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b)(2) in that a
25  substantial part of the events or omissions giving rise to the claims herein occurred in this district
26  as Defendants made solicitations of Plaintiff in San Francisco and met with Plaintiff in Sonoma
27  County, California.
28  //

CARLE, MACKIE,
POWER & ROSS LLP

2

COMPLAINT FOR DAMAGES

# FACTUAL ALLEGATIONS

8. In January 2012 in San Francisco, California, at an event put on by Defendants and billed by Defendants as the Ultimate Blueprint event, Defendants solicited Plaintiff to sign up for and attend a series of coaching sessions – which they called ROI ("return on investment") coaching sessions. Defendants represented these ROI coaching sessions as providing financial and business advice. This was the first in a series of solicitations of Plaintiff made by Defendants over the next year to purchase their services, including in-depth one-on-one "business coaching" services offered by Defendants.

9. Advertisements and correspondence by Defendants offering lectures related to financial and business advice and in person "business coaching" services were sent to Plaintiff's address in Sonoma County, California.

10. The written offers and promises made in solicitations sent by Defendants described lecture series (both live and pre-recorded on CD) as entailing specific and detailed information and techniques designed to help people in business to create and develop a business plan, to develop a branding strategy, to market their business or product and to succeed financially.

11. The in-person "business coaching" service offered by Defendants included pre-paid sessions with specially selected and experienced business coaches. Defendants represented that the assigned coach would provide continuing one-on-one sessions for a set number of sessions.

12. This personalized "business coaching" service offered by Defendants was described in writing and verbally by Defendants as designed to assist over a longer period of time and designed to provide consistency by allowing the individual assigned to the client to become familiar with the client's business.

13. Based on the promises relating to specific business information and assistance, in 2012, Plaintiff signed up for and paid for a subscription for a series of lectures by JT FOXX on CD. She also signed up for several live lectures and pre-paid for a series of one-on-one business coaching sessions with a specific business coach. Plaintiff paid Defendants approximately

1  $68,000 for ongoing pre-paid coaching related services.

2  14. In February 2012, Defendants put Plaintiff in touch with a "designated" coach.
3  This person could not complete the coaching and two other "designated" coaches were assigned
4  by Defendants for Plaintiff. The third person designated met with Plaintiff on one occasion at
5  Plaintiff's residence in Sonoma County. Plaintiff continued to contact Defendants about the full
6  extent of coaching as represented by Defendants over the course of 2012 and 2013. Plaintiff
7  never received the full extent of the one-on-one coaching that was promised.

8  15. In the meantime, in November 2012, Plaintiff signed up for and paid for a lecture
9  series entitled the "Perfect Business Model" presented by Defendants' employee and instructor,
10 Meir Ezra. The series included a total of three events in three different locations. Plaintiff paid
11 significant fees and costs in connection with these three events. In addition to the fees incurred
12 for the above events, Plaintiff incurred lodging and air fare. The total amount expended by
13 Plaintiff in connection with the Meir Ezra related events exceeded $14,000.

14 16. In December 2012, at a "social event" organized by Defendants for their clients,
15 Defendants induced Plaintiff to make a $10,000 donation to what was described by Defendants
16 as a charity sponsored by a member of the Donald Trump family who was presented as being a
17 contributor and associate of Defendants.

18 17. Defendants promised Plaintiff certain benefits in return for making a charitable
19 donation, including additional coaching sessions with one of JT FOXX's alleged personal
20 business coaches and tickets to the taping of an episode of the television show "Celebrity
21 Apprentice" in New York.

22 18. The first Meir Ezra event was scheduled for January 2013 in Tampa, Florida, and
23 the second event was set for March 2013, in Chicago, Illinois.

24 19. During the first and second Meir Ezra events, Plaintiff discovered the events were
25 being utilized to proselytize and promote Scientology as opposed to imparting financial and
26 business advice. Plaintiff thought perhaps she had misunderstood the nature of the first Meir
27 Ezra event. However, by the second event it was clear that the emphasis at the Meir Ezra event
28 was on Scientology and not business coaching as represented.

20. Plaintiff did not complete the second event in Chicago and did not attend the third event scheduled for later in the year.

21. Despite making a significant donation to the Donald Trump family sponsored charity in December 2012, as a result of the promises made by Defendants, Defendants failed to provide any of the promised benefits to Plaintiff.

22. In late March 2013, Plaintiff made a demand on Defendants for return of monies paid for the Meir Ezra event. Her request was initially met with some delay on the part of Defendants.

23. The information that was communicated by Defendants at the above lectures or as part of the subscription for lectures on CD, lacked significant business-related content and were primarily motivational in nature.

24. Finally, Defendants did not provide "business coaching" sessions with one selected and assigned business coach for continuing one-on-one sessions for a set number of sessions as promised.

25. Given the Scientology oriented lectures in early 2013, the failure to provide certain promised benefits in return for making a donation to a Defendant-affiliated charity, the lack of information beyond motivational discussions of a general nature, the failure to perform with respect to assigning a single business coach for a set number of sessions, Plaintiff made demand in March 2013, on Defendants to return all monies paid for the Scientology-oriented lectures and the donation.

26. After her demands were ignored, Plaintiff determined she could no longer continue doing any business with Defendants and demanded re-payment of all pre-paid coaching services and requested that Defendants cease her subscription for lectures on CD.

27. Shortly after Plaintiff complained, in May 2013, Defendants announced via email that Defendants were ending their relationship with Meir Ezra. Thereafter, Defendants and Meir Ezra exchanged public communications through June 2013, about their mutual accusations against each other.

28. By summer of 2013, Defendants finally acknowledged Plaintiff's demands for

1 refund but did nothing in response and continued to charge her for the lecture subscription.

2     29.    Finally, after several additional follow-up requests for a refund, Defendants
3 rejected Plaintiff's demands in March 2014, in writing.

**FIRST CAUSE OF ACTION**
**(Fraud, Intentional Misrepresentation – Against all Defendants)**

30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though set forth fully herein.

31.    Defendants and each of them represented to Plaintiff that the lecture series (both live and pre-recorded) would impart specific information and techniques that would help Plaintiff create and develop a business, develop a branding strategy, market her business and succeed financially.

32.    Defendants, and each of them, represented to Plaintiff that she would be assigned a specific "business coaching" professional who would provide Plaintiff with one-on-one coaching sessions and who would provide continuity over a set number of sessions to become familiar with Plaintiff's business which, in turn, would allow that person to be of greater assistance to Plaintiff.

33.    Defendants also made representations to Plaintiff that in return for making a significant donation to a charity associated with Defendants, Defendants would give Plaintiff exclusive coaching sessions with one of JT FOXX's alleged personal business coaches and tickets to a "Celebrity Apprentice" episode.

34.    The representations herein alleged were false and were made by Defendants with the intent to induce Plaintiff to act in the manner alleged in reliance thereon, namely, to purchase coaching sessions and lectures series, and to donate.

35.    At the time the representations were made and at the time Plaintiff made her various purchases and donation, Plaintiff was ignorant of the falsity of Defendants' multiple representations and believing them to be accurate and truthful, she was induced to make the above-mentioned purchases and donation.

36.    Plaintiff was justified in relying on the representations as Defendants held

1 themselves out to be experts who were sophisticated and experienced in financial and business
2 matters.

3      37.     As a proximate result of the fraudulent conduct of Defendants, Plaintiff made the
4 purchases and donation as described herein and has been damaged therefrom.

5      38.     The aforementioned conduct of Defendants involved intentional
6 misrepresentation, deceit, or concealment of material facts known to them with the intention of
7 thereby depriving Plaintiff of her funds. Such conduct was despicable, involved malice and was
8 in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to exemplary damages.

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation – Against All Defendants)

11      39.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as
12 though set forth fully herein.

13      40.     Defendants and each of them represented to Plaintiff that the lecture series (both
14 live and pre-recorded) would impart specific information and techniques that would help
15 Plaintiff create and develop a business, develop a branding strategy, market her business and
16 succeed financially.

17      41.     Defendants and each of them represented to Plaintiff that she would be assigned a
18 specific "business coaching" professional who would provide Plaintiff with one-on-one coaching
19 sessions and who would provide continuity over a set number of sessions to become familiar
20 with Plaintiff's business which, in turn, would allow that person to be of greater assistance to
21 Plaintiff.

22      42.     Defendants also made representations to Plaintiff that in return for making a
23 significant donation to a charity associated with Defendants and the Donald Trump family,
24 Defendants would give Plaintiff exclusive coaching sessions with one of Defendants' alleged
25 business coaches and tickets to a "Celebrity Apprentice" episode.

26      43.     Defendants and each of them had no reasonable grounds for believing the
27 representations made verbally and in written materials to be true in that Defendants and each of
28 them knew, or should have known, among other things, the information presented in lecture

series was motivational and of a general nature, the lecture series with Meir Ezra in particular were Scientology oriented and the benefits promised in return for a donation made to an affiliated charity were empty promises.

44. The representations herein alleged were false and done with the intent to induce Plaintiff to act in the manner alleged in reliance thereon, namely to purchase coaching sessions and lectures series, and to make the requested donation.

45. At the time the representations were made and at the time Plaintiff made her various purchases and donation, Plaintiff was ignorant of the falsity of Defendants' multiple representations and believing them to be accurate and truthful, she was induced to make the above-mentioned purchases and donation.

46. Plaintiff was justified in relying on the representations as Defendants held themselves out to be experts who were sophisticated and experienced in financial and business matters.

47. As a proximate result of the fraudulent conduct of Defendants, Plaintiff made the purchases and donation as described herein and has been damaged therefrom.

48. The aforementioned conduct of Defendants was despicable, involved malice and was in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to exemplary damages.

**THIRD CAUSE OF ACTION**
**(Breach of Contract – Against All Defendants)**

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though set forth fully herein.

50. Plaintiff and Defendants entered into one or more written and oral agreements beginning in or about 2012 pursuant to which Plaintiff agreed to purchase and Defendants agreed to sell to Plaintiff products and services as herein alleged.

51. Defendants also agreed that in return for Plaintiff's significant donation to a charity associated with Defendants, Defendants would give Plaintiff exclusive coaching sessions with one of JT FOXX's alleged personal business coaches and tickets to a "Celebrity

Apprentice" episode filmed in New York.

52. Defendants materially breached the agreements as follows:

    (a) The events with Meir Ezra were utilized to proselytize and promote Scientology as opposed to imparting financial and business coaching information;

    (b) The information communicated by Defendants in lectures was motivational without any significant financial or business related content;

    (c) Defendants failed to provide an assigned business coach for continuous one-on-one sessions for a set number of sessions; and

    (d) Defendants failed to provide any of the benefits promised in exchange for the donation to the Defendant-affiliated charity.

53. Plaintiff has performed all terms, conditions, and obligations required of her under the agreement(s).

54. By reason of Defendants' breach of contract, Plaintiff is entitled to an award of damages in an amount to be proven to the trier of fact at trial of this action, in an amount in excess of $75,000.

**FOURTH CAUSE OF ACTION**
(**Breach of Implied Covenant of Good Faith and Fair Dealing Against All Defendants**)

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54, above, as though fully set forth herein.

56. The agreement(s) referred to above contain an implied covenant of good faith and fair dealing which obligated Defendants to perform the terms and conditions of said agreement(s) fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the conditions of the contract that she agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

57. Plaintiff performed all the duties and conditions of the agreement(s).

58. Defendants knew that Plaintiff had fulfilled all of the duties and conditions under the agreement(s).

59. Defendants breached the implied covenant of good faith and fair dealing under the

1  agreement(s) by failing to provide promised benefits in return for a charitable donation, by
2  failing to assign a single experienced "business coach" for a set number of sessions, by failing to
3  refund fees paid for a lecture series that was focused on proselytizing Scientology rather than
4  providing business instruction as promised.

5      60.    As a proximate result of Defendants' breaches of the implied covenant of good
6  faith and fair dealing, Plaintiff has suffered and continues to suffer losses in an amount to be
7  established at trial.

**FIFTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty – Against All Defendants)**

10      61.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 as
11  though fully set forth herein.

12      62.    Because Defendants counseled Plaintiff and provided financial and business
13  related advice and sold Plaintiff certain financial and "business coaching" related services, and
14  because Defendants solicited Plaintiff to make a financial donation to an affiliated charity,
15  Defendants had a fiduciary duty to Plaintiff.

16      63.    By engaging in the above-referenced actions, Defendants breached their fiduciary
17  duty owed to Plaintiff.

18      64.    As a proximate result of the breaches of fiduciary duty by Defendants, Plaintiff
19  has been damaged in a sum according to proof, plus interest thereon.

20      65.    The aforementioned conduct of Defendants in breaching their fiduciary duties to
21  Plaintiff was fraudulent, oppressive, malicious, willful, and despicable conduct in conscious
22  disregard of Plaintiff's rights.  Plaintiff is entitled to exemplary damages.

**SIXTH CAUSE OF ACTION**
**(Unfair Business Practices –Against All Defendants)**

25      66.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as
26  though fully set forth herein.

27      67.    As set forth above, the advertisements and solicitations presented by Defendants
28  regarding "business coaching" and financial and business advice contained statements that were

false and/or misleading which the Defendants knew, or in the exercise of reasonable care, should have known were untrue and/or misleading.

68. Further, Defendants' misrepresentations and sales practices, as previously described, are in violation of California's Deceptive Acts and Practices Statute, California Business and Professions Code section 17200, *et seq.*, in that the representations and sales practices are unfair, deceptive, and fraudulent as those terms are used in section 17200, *et seq.*

69. As a proximate result of Defendants' unlawful and unfair business acts, Plaintiff has been damaged and is entitled to all relief provided by Business and Professions Code section 17200, *et seq.*

70. Plaintiff requests damages or restitution of all monies paid to Defendants and such funds be repaid in an amount according to proof at time of trial.

71. Pursuant to Business and Professions Code section 17082, *et seq.*, Plaintiff is entitled to recover treble damages and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(False Advertising– Against All Defendants)**

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

73. As set forth above, the advertisement and solicitations presented by Defendants regarding the offered "business coaching" services and financial and business advice were and are in violation of California's False Advertising Statute, California Business and Professions Code section 17500, *et seq.*

74. Defendants intended to sell lectures, CD's and "business coaching" services by publically disseminated advertising and other literature which contained statements which were untrue and/or misleading, which the Defendants knew, or in the exercise of reasonable care, should have known were untrue and/or misleading.

75. As a proximate result of Defendants' unlawful and unfair business acts, Plaintiff has been damaged and is entitled to all relief provided by Business and Professions Code section 17500, *et seq.*

CARLE, MACKIE,
POWER & ROSS LLP

11

COMPLAINT FOR DAMAGES

76. Plaintiff requests damages or restitution of all monies paid to Defendants and such funds be repaid in an amount according to proof at time of trial.

77. Pursuant to Business and Professions Code section 17500, *et seq.*, Plaintiff is entitled to recover punitive damages and an award of attorneys' fees.

### EIGHTH CAUSE OF ACTION
### (Conversion –Against All Defendants)

78. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 77 as though fully set forth herein.

79. Plaintiff is informed and believes that Defendants obtained funds from Plaintiff for future coaching services, which services Plaintiff no longer wishes to purchase, and which Defendants refuse to return to Plaintiff and which Defendants have diverted, commingled, or otherwise retained possession of said funds for their own use in violation of their obligation to return such funds to Plaintiff.

80. Plaintiff has the right of possession of said converted, diverted, and/or stolen funds.

81. As a further and proximate result of the conduct of Defendants, Plaintiff has been damaged in a sum according to proof, plus interest thereon.

82. The conduct of these Defendants was intentional, malicious, and done for the purpose of causing, or with a wanton and reckless disregard for causing, Plaintiff to suffer humiliation, embarrassment, mental anguish, and emotional distress. Defendants' conduct constituted fraud, malice, and/or oppression, justifying an award of exemplary and punitive damages in an amount to be determined at trial.

### JURY DEMAND

83. Plaintiff demands a jury trial upon all causes of action.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages according to proof;
2. For punitive damages;

3. For interest thereon according to proof;

4. For attorneys' fees and costs;

5. Defendants be enjoined to cease and desist from their unfair activities in violation of § 17200 of the California Business and Professions Code; and

6. For such other and further relief as the Court deems proper.

Dated: September 26, 2014.                              CARLE, MACKIE, POWER & ROSS LLP


                                        By:    /s/ Philip J. Terry
                                               PHILIP J. TERRY
                                               Attorney for Plaintiff
                                               VICTORIA COMFORT